MARIA D'AGOSTINO, complainant-respondent,

*v.*

JOHN B. ORDILLE, ADOLPH ELMER, L. N. RENAULT & SONS, INC., a corporation of New Jersey, and JOHN D'AGOSTINO, defendants-appellants.

[Argued October 24th, 1944. Decided February 2d, 1945.]

*Messrs. Allman & Backer* (*Mr. Samuel Kaufman* and *Mr. Samuel Backer,* of counsel), for the appellants.

*Messrs. Moore & Butler* (*Mr. James N. Butler,* of counsel), for the respondent.

PER CURIAM.

This appeal brings up a decree of the Court of Chancery advised by Vice-Chancellor Sooy, who filed conclusions which are not reported. The suit is by a mother (complainant) against her son and others (defendants). She says the son

betrayed a trust; that he was indebted to her in the sum of $17,500 for moneys she had previously loaned him and that it was agreed between them that instead of his paying the $17,500 back to her he would apply it, with the $3,000 more which she then gave him, to buy for her a one-half interest in the L. N. Renault & Sons, Inc., then owned by Margaret Renault; the other half of which was owned by the son. The son subsequently reported to his mother that he has purchased for her the said one-half interest in the company for $25,000 and that the stock certificates were in his safe and she and he were now equal partners in the company. She paid him the $4,500 balance due on the purchase price.

She never knew until shortly before bringing the present suit that her son had bought the stock for himself. He refuses to turn it over to her.

He denies a breach of trust and says that the moneys advanced to him including the check for $3,000 were loans and have been paid back; that his mother never acquired any stock interest whatsoever in the company and that he owns all the stock. He also counter-claims, seeking a decree that his mother return to him the fifty shares of stock of said company now in her possession.

The mother seeks a decree declaring her to be a one-half owner of the outstanding capital stock of the said company and the issuance to her of a certificate of stock for 75 additional shares, which, with the 50 shares she already has, will make 125 shares out of a total issue of 250 shares of said company, and she asks discovery and accounting.

The real issue for decision is a factual one; namely whether the mother acting through her son purchased a one-half interest in the stock of the company.

The learned Vice-Chancellor found in favor of the complainant mother and advised the decree appealed from.

We have carefully examined the proofs and briefs submitted and have reached the conclusion that the Vice-Chancellor was fully justified in his findings of the essential facts and correct in his application of the law to the facts so found.

The decree is accordingly affirmed.

224

*For affirmance*—THE CHIEF-JUSTICE, CASE, BODINE, DONGES, PERSKIE, PORTER, COLIE, WELLS, RAFFERTY, THOMPSON, DILL, JJ.   11.

*For reversal*—None.